# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PLEASANT MOUNT WELDING, INC., | CIVIL ACTION NO. 3:15-CV-1498 |
| Plaintiff, | (JUDGE CAPUTO) |
| v. | |
| BEARING CONSTRUCTION, INC., | |
| Defendant. | |

## **MEMORANDUM ORDER**

Presently before the Court is a Notice of Removal (Doc. 1) filed by Defendant Bearing Construction, Inc. on July 31, 2015. Defendant seeks to remove to federal court an action that Plaintiff Pleasant Mount Welding, Inc. ("Pleasant Mount") initiated by filing a Complaint (Doc. 1-1) in the Lackawanna County Court of Common Pleas on June 19, 2015. Defendant asserts that the Court's basis for subject matter jurisdiction is diversity of citizenship. (Doc. 1, ¶ 7.) Federal district courts possess diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Because the Notice of Removal fails to establish that the Court has subject matter jurisdiction over this action, it will be remanded to the Lackawanna County Court of Common Pleas unless Defendant can show that diversity jurisdiction is proper.

## I. Analysis

Defendant's Notice of Removal (Doc. 1) fails to properly identify the citizenship of Plaintiff Pleasant Mount. The Notice of Removal alleges that Plaintiff "has a principal place of business in" Pennsylvania. (*Id.*, ¶ 4), but it does not identify where Plaintiff has its singular principal place of business.

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999). Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for jurisdiction to exist, there must be complete diversity,

meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). "When the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

Defendant's Notice of Removal fails to demonstrate the requirements of federal subject matter jurisdiction because it insufficiently alleges the citizenship of Plaintiff Pleasant Mount, a corporation. A corporation may only have one principal place of business, and proper invocation of diversity jurisdiction requires that the party allege where a corporation has "its principal place of business." *See S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (affirming the district court's dismissal of a complaint alleging where the plaintiff corporation maintained "a principal place of business," rather than "its principal place of business").

A corporation's principal place of business is its "nerve center," the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Here, the Notice of Removal only includes where Plaintiff Pleasant Mount has "a" principal place of business. (Doc. 1, ¶ 5.) To properly plead diverse citizenship, Defendant must allege where Plaintiff has its principal place of business. Defendant properly alleges its own citizenship (*Id.,* ¶ 6).

## II. Conclusion

As Defendant has not shown that complete diversity of citizenship exists between the parties, the Court cannot determine that subject matter jurisdiction exists and the matter is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(h)(3).  However, Defendant will be given twenty-one (21) days to amend its complaint to show that diversity jurisdiction exists.  Failure to do so will result in this action being remanded to the Lackawanna County Court of Common Pleas.

**NOW**, this 5th day of August, 2015, **IT IS HEREBY ORDERED** that Defendant Bearing Construction, Inc. is given leave to file an amended notice of removal within twenty-one (21) days from the date of entry of this order to address the identified defect.  If Defendant fails to do so, the action will be remanded to the Lackawanna County Court of Common Pleas.

/s/ A Richard Caputo
A. Richard Caputo
United States District Judge